770 February 4, 2026 No. 58

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JORDAN DANIEL SANTANA,
*Defendant-Appellant.*
Lane County Circuit Court
23CN05860; A184231

Clara L. Rigmaiden, Judge.

Argued and submitted December 19, 2025.

Anna Eisenstein, Certified Law Student, argued the cause for appellant. On the briefs were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Commission.

Baylee Seeman, Certified Law Student, argued the cause for respondent. On the brief were Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General.

Before Tookey, Presiding Judge, Lagesen, Chief Judge, and Jacquot, Judge.

LAGESEN, C. J.

Reversed.

## LAGESEN, C. J.

Defendant appeals a judgment of conviction for contempt of court. Defendant attacked the victim's "kingdom" in an online game; the trial court determined that in doing so, defendant willfully violated a protective order issued pursuant to the Elderly Persons and Persons with Disabilities Abuse Prevention Act (EPPDAPA) by "contacting or attempting to contact" the victim. We reverse.

## I.  BACKGROUND

The relevant facts are not disputed. Defendant and the victim were previously roommates. While they were roommates, defendant and the victim played the game, Dice Dreams, together.[1] In this game, a player uses an in-app currency to build buildings in villages and kingdoms. The player can also roll three dice to take one of three actions: attack, shield, or steal. Which action a player takes is determined by a roll of the dice. If a player rolls an attack, the player has a choice: attack another player's village or kingdom or stop playing the game. If a player decides to attack, the game gives them the option of attacking a player the game selects, or selecting a player to attack from a list of players prepared by the game that had previously attacked the player's village or kingdom. The attack is then confirmed with another button push. When an attack occurs, the attacked party is notified through a message in the game called "Kingdom News." The notification tells the party that their kingdom was attacked and provides the profile name and picture of the person who attacked. The record indicates that players do not necessarily know each other and are not limited to attacking the villages or kingdoms of players that they know.

After defendant moved out of the victim's residence, the victim petitioned for a restraining order pursuant to ORS 124.010. The court granted the petition and issued a restraining order. Among other things, the order prohibited defendant from "[c]ontacting, or attempting to contact [the victim] by mail, email or social media or apps." The victim deleted Dice Dreams from her phone after defendant moved

---

[1] The brief and the record evidence some confusion about the name of the game. For opinion purposes, we refer to the game as "Dice Dreams," which was the name the parties used at oral argument.

out but downloaded the app again later after her partner invited her to play. A couple of days after the victim reinstalled the game, she received a notification that defendant had attacked her kingdom. Upon receiving that notification, the victim then called the non-emergency line for the police and defendant was charged with contempt for violating the restraining order.

The case was tried to the court. At the close of the state's case, defendant moved for a judgment of acquittal on the ground that the state did not prove defendant contacted the victim in a manner that was prohibited by the order. The trial court denied the motion. In his closing argument, defendant again contended that the state had failed to prove that his conduct was prohibited by the restraining order and also argued that the state did not prove that any violation of the restraining order was willful.[2] The trial court determined that defendant engaged in prohibited contact by attacking the victim's kingdom in the game and, further, that defendant had acted willfully in making that contact. Defendant appealed.

## II.   ANALYSIS

Defendant's sole assignment of error is that the trial court erred in denying his motion for judgment of acquittal. Defendant contends that his act of attacking the victim's kingdom does not constitute prohibited contact and, further, that even if it does, that the evidence is insufficient to support a finding that defendant acted willfully in making that contact with the victim. Because the record does not support the reasonable inference that defendant acted willfully, we reverse.[3]

---

[2] Although defendant's formal motion for judgment of acquittal did not put the sufficiency of the evidence of willfulness at issue, defendant's closing argument did so and, thus, we view the issue as preserved—a point the state does not dispute. *See State v. Gonzalez-Valenzuela*, 358 Or 451, 453-54, 454 n 1, 365 P3d 116 (2015) ("We agree with the long-standing case law from the Court of Appeals that, under the circumstances, defendant's closing argument was the equivalent of a motion for judgment of acquittal and, therefore, preserved the issue that defendant presents.").

[3] Because our determination that the evidence is insufficient to support a finding of willfulness requires reversal, we do not reach the question whether defendant's conduct qualified as prohibited contact within the meaning of the restraining order.

A.  *Standard of Review*

"When reviewing a motion for a judgment of acquittal, we view the evidence in the light most favorable to the state to determine whether a rational trier of fact, making reasonable inferences, could have found that the state proved the essential elements of the crime beyond a reasonable doubt." *State v. White*, 211 Or App 210, 212, 154 P.3d 124, *adh'd to as clarified on recons*, 213 Or App 584, 162 P3d 336 (2007). "When at least one inference supports a verdict against a defendant *** it is for the factfinder to choose between the competing inferences, and a motion for judgment of acquittal should be denied." *Id.* at 218-19. An inference, however, becomes impermissible speculation when it requires either too great of an inferential leap or the stacking of inferences to the point of speculation. *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004). When a verdict necessarily would rest on speculation, a motion for judgment of acquittal must be granted.

B.  *Willfulness*

Defendant argues that there is insufficient evidence to support a finding that his conduct was willful. According to defendant, the conclusion that he acted willfully requires the stacking of inferences that crosses impermissibly into speculation because, he asserts, there was no evidence he knew he was attacking the victim's kingdom.

In response, the state contends that the evidence allows for the inference that defendant intentionally acted to make contact with the victim, pointing to the fact that, to cause an attack on the victim's kingdom within the game's constraints, defendant had to "affirmatively press the red button to complete the attack." The state also points to the fact that defendant had the option to stop playing the game instead of launching an attack. These facts, according to the state, allow for a finding that to the extent that defendant's conduct within the game resulted in contact with the victim, it was willful, that is, defendant was choosing not to comply with the restraining order's prohibition on contacting or attempting to contact the victim when he necessarily pressed the button in the game to launch an attack on the victim's kingdom.

In order to show a willful violation, the state needs to show the "existence of a valid order and that defendant knew about it and chose not to comply with it." *State v. Crombie*, 267 Or App 705, 710, 341 P3d 841 (2014). "'[W]illfully' for purposes of ORS 33.015(2) meant, and means, intentionally and with knowledge that the act or omission was forbidden conduct." *State v. Arnold*, 301 Or App 642, 646, 458 P3d 725 (2020).

Here, the evidence is insufficient to find a willful violation. At a minimum, to allow for a finding of willfulness, the evidence must allow for a finding that defendant knew that the kingdom he was attacking belonged to the victim. Although defendant and the victim had played together while defendant lived with the victim, something that in other circumstances might allow for the reasonable inference that defendant knew that the kingdom he attacked belonged to the victim, here it does not. That is because, after defendant moved out, the victim deleted and reinstalled the game, and the state introduced no evidence addressing how the victim appeared to other players of the game after she reinstalled it.

In particular, there is no evidence that, after the victim deleted and reinstalled the game, the victim would be recognizable to defendant within the game. For example, the state presented no evidence addressing whether, after reinstalling the game, the victim logged into her old account, such that defendant would recognize that victim's familiar username, or picture, etc., or whether the victim created a new account.

Similarly, the state presented no evidence that, at the time defendant pushed the button that launched the attack on the victim's kingdom, her kingdom included her name, photograph, or any other feature which would have made it apparent to defendant that the kingdom belonged the victim. Indeed, although the record contains evidence of how defendant appeared in the game, which is what allows for the reasonable inference that defendant attacked the victim's kingdom, it contains no comparable evidence of how the victim appeared. Absent such evidence, under the circumstances present here, it would be impermissible speculation

to find that defendant knew he was attacking the victim's kingdom. The trial court therefore erred in denying defendant's motion for judgment of acquittal.

Reversed.